*910 The following is the special term opinion referred to:
Daly, J.
There is no dispute that the premises covered by the mortgages of- the plaintiff and of the prior and subsequent incumbrances, will sell for a larger price if disposed of as one parcel than they would if each house and lot, in the present unfinished state of the buildings, were sold separately. The evidence of the auctioneers, brokers, dealers and builders establishes the fact beyond a doubt, and no attempt is made to deny it. It is also certain that it is for the interest of those mortgagees and lienors whose liens are subsequent to the mortgage of the plaintiff, to have the property sold in such a manner as will bring the most money, because they are cut off by this foreclosure and will have no recourse except to the surplus arising from the sale. The question is whether their wishes should be regarded and whether the court has power to make the decree they desire.
They are necessary parties to the action and have a standing in court to apply for the insertion of such provisions in the decree as will protect them. They were not bound to tender to the mortgagor an issue as to the validity of their mortgages. He was served with the complaint'in which it was stated that those incumbrances had or claimed an interest in the premises. If he desired to test his right to dispute in this action the validity of the mortgages which he had given them, he should have set up the facts in his answer, and served the answer upon his' co-defendants. Not having raised the question he is not to be heard now to deny that they have or claim an interest as averred in the complaint.
The power of the court to order a sale of the whole of the mortgaged premises, even if the sale of a part thereof would be sufficient to discharge the mortgage of the plaintiff, and prior mortgages, is, I think, undoubted, if a proper case for the exercise of that power be presented. In Livingston v. Mildrum, 19 N. Y., 440, it was held that it was the'duty of the court, upon the foreclosure of a mortgage, to provide for sale of so much of the mortgaged premises, and in such manner that parties having equities subject to the primary lien shall not be prejudiced. In that case a sale of certain of the houses and lots covered by the mortgages was sufficient to discharge the mortgage debt, but a sale of the remaining parcels was ordered to protect the holder of a mechanic’s lien which was a subsequent incumbrance. The order was made under the statute (2 R. S., 193, sec. 165), providing that, “if in any of the foregoing cases it shall appear to the court that the mortgaged premises are so situated that the sale of the whole will be most beneficial to the parties, the decree shall, in the first instance, be entered for *911 the sale of the whole premises accordingly.” And it was said that that provision was simply confirmatory of principles by which courts of equity must necessarily be governed in all cases of foreclosure, citing Snyder v. Stafford, 11 Paige, 71, where two separate and distinct parcels of land covered by the mortgage were ordered to be sold (although the sale of one alone might, and probably would, have brought enough to satisfy the mortgage), on the ground that the rights of subsequent incumbrancers were such that they could not be effectually protected by the sale of only one of the parcels. The court in Livingston v. Mildrum, say: “ There is no doubt, therefore, of the power of the court to order a sale of the whole premises with a view, not to the satisfaction of the plaintiff’s mortgage, but to the better protection of the subsequent liens.” No case in conflict with this authority has been presented.
John H. V. Arnold, for resp’t; T. Mitchell Tyng, for appl’t.
The section of the Revised Statutes cited in the above case, was repealed upon the adoption of the Code of Civil Procedure, but section 1678 of the Code (article 9 of title 1), regulating actions relating to real property, provides that, upon a sale made in pursuance of any provision of that title, “ if the property consists of two or more distinct buildings, farms or lots, they shall be sold separately, unless otherwise ordered by the court.” The intention to give the court power, in a proper case, to direct a sale, in one lot, of all the property which may be the subject of the action, is clearly expressed, and no limit upon the power is fixed, the exercise of it to be in accordance with the settled principles found in the cases. It is suggested, however, that the judgment in foreclosure actions is specially provided for in section 1626 of the Code, which reads, that “ in an action to foreclose a mortgage upon real property, if the plaintiff becomes entitled to final judgment it must direct the sale of the property mortgaged, or of such part thereof as is sufficient to discharge the mortgage debt, the expenses of the sale and the costs of the action.” I hardly think that this provision should be regarded as prescribing an invariable form for judgments in foreclosure, but as providing that the judgment shall direct a sale of such part thereof as is sufficient to discharge the mortgage debt, etc. It would thus be consistent with section 1678 which leaves the manner of sale to the sound discretion of the court. It is significant on the question of the intention of the legislature that the last named section 1678, as originally adopted, did not contain the words “ unless otherwise ordered by the court,” and that they were inserted by amendment in 1881. Judgment in accordance with this view.
Larremore, Ch. J.
The clear and conclusive opinion of the judge who tided this cause at special term renders further discussion of the principles involved unnecessary. We *912 affirm the judgment, adopting the line oi argument of said opinion. Is may not be amiss, however, to notice briefly one point which.was urged with great pertinacity on this appeal. _ Counsel for appellant concedes that the court has power in a foreclosure suit to consider the interests of incumbrancers whose liens are subsequent to that of the mortgage foreclosed, and to order the premises to be sold in such manner that their rights, as well as those of the plaintiff, shall be, as far as possible, protected.
The main contention before us was that the power had been improperly exercised in the present case, because such subsequent incumbrancers had not served copies of their answers on the owner of the equity of' redemption under section 521 of the Code. But we think the judge at special term correctly held that if it was the duty of anybody to obey the rule there laid down, the obligation rested on the owner of the equity himself and not upon the junior mortgagees. The position is quite simple. The holder of the prior mortgage began foreclosure proceedings, and, necessarily, made the subsequent mortgagees parties defendant; the latter, pleading in regular form, served answers to the plaintiff’s complaint. Whatever controversy exists is the usual one between plaintiff and defendants, and not one between separate defendants. If the necessity or desire had existed for a determination of the rights of the defendants as between themselves, whose duty was it to comply with section 521 ? The language. itself answers this question: “A defendant who requires such determination.” Did the junior mortgagees require such determination ? Assuredly not for any purpose. They have mortgages valid on their face, and all the affirmative action necessary on their part was to offer formal proof of the same and rest. Presumptively, all rights of the owner of the equity áre as subordinate to the liens of the junior mortgagees as to that of the .plaintiff. The owner of the equity' must therefore take the iniative, if he wishes to question the validity of a junior mortgage, or to oppose any effort made by the junior mortgagee in his controversy with plaintiff, to compel plaintiff to so sell the mortgaged premises that a substantial surplus shall be realized.
The judgment should be affirmed, with costs.
Van Hoesen, J., concurs.